Case 6:21-cv-00014   Document 3   Filed on 08/04/21 in TXSD   Page 1 of 4
United States District Court
Southern District of Texas
**ENTERED**
August 06, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> Plaintiff/Respondent, § <br> § <br> v. § <br> § <br> JOSHUA DALE BROWN, § <br> Defendant/Movant. § | CRIMINAL NO. 6:16-09 <br> CIVIL NO. 6:21-14 |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Joshua Dale Brown filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 25. Now pending is the United States of America's (the "Government") Motion to Dismiss Brown's 28 U.S.C. § 2255 Motion for Lack of Jurisdiction (D.E. 40), to which Movant has not responded.

**I. BACKGROUND**

On November 25, 2015, officers from the Victoria, Texas, Police Department were dispatched to a residence in reference to an aggravated robbery. Responding officers determined that an adult male had been robbed at gunpoint and assaulted with a firearm by two males. Members of the street gang known as the South Side Locos became suspects, and a search warrant was executed at a residence used by Movant and other gang members. A search of the residence yielded a stolen firearm, which Movant admitted he owned. Movant was charged with theft of a firearm in Case No. 16-02-29154-A in the 24th Judicial District Court of Victoria County, Texas. He then entered federal custody on a writ on February 4, 2016, to face charges that he unlawfully possessed a firearm as a felon on December 1, 2015. He pled guilty to the federal charge and was sentenced to 32 months' imprisonment on December 6, 2016.

Movant was then transferred back to state custody. He eventually pled guilty to theft of a firearm, burglary of a habitation, and aggravated robbery, for which he was sentenced to a total of

1

four years in Texas Department of Criminal Justice (TDCJ) custody. Once he made parole, he was released to federal custody in June of 2020 in order to serve his federal sentence for being a felon in possession of a firearm.

Movant previously filed a motion to reduce his sentence to time served based on the COVID-19 pandemic and his post-sentencing rehabilitation, but his motion was denied. *See* D.E. 23, 24. He filed the current motion under 28 U.S.C. § 2255 on March 29, 2021.

## II. MOVANT'S CLAIMS

Movant's § 2255 motion raises a single claim: he moves the Court for 18 months' credit towards his federal sentence for time he served in TDCJ custody for theft of a firearm because both offenses involved the same weapon. The Government moves to dismiss Movant's § 2255 motion on the grounds that the Court lacks jurisdiction to adjudicate his claim.

## III. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## IV. ANALYSIS

The BOP is responsible for calculating sentencing credit, and the proper vehicle for raising such a challenge is a petition pursuant to 28 U.S.C. § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in

which "a sentenced prisoner attacks . . . the prison authorities' determination of its duration.") (citations omitted); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (claims for sentence credit to federal sentences are properly brought pursuant to § 2241); *United States v. Gabor*, 905 F.2d 76, 77–78 n.2 (5th Cir. 1990). A Movant is required to exhaust available administrative remedies through the BOP before litigating the computation of his sentence in federal court. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10 – 542.16 and collecting cases). There is nothing in the record indicating that Movant has presented his complaints regarding his sentence to the BOP, nor does he claim that he has done so.

Moreover, a challenge to the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241 must be filed in the district where the inmate is incarcerated. *See Pack*, 218 F.3d at 451. Movant is currently incarcerated in FCI Berlin, which is located in the District of New Hampshire. Assuming Movant remains incarcerated in Berlin, he should file any § 2241 petition in that court after first exhausting his administrative remedies.

Because the relief Movant seeks is not cognizable under § 2255, his motion is denied.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a

grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reason would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to his claim.

## VI. CONCLUSION

For the reasons stated above, the Government's motion to dismiss (D.E. 40) is **GRANTED**; Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 25) is **DENIED**; and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 4th day of August, 2021.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE